IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAT BUCHANAN, ) | | |
| Petitioner ) | | |
| ) | | |
| vs. ) | | Civil Action No. 05-302J |
| ) | | Judge Kim R. Gibson/ |
| JOHN YOST, ) | | Magistrate Judge Amy Reynolds Hay |
| Respondent ) | | |

**MEMORANDUM ORDER**

Petitioner has brought the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging not his conditions of confinement but his conviction and subsequent sentencing for drug-related charges in the United States District Court for the Southern District of Florida. He argues that the remedy provided under 28 U.S.C. § 2255 is ineffective and inadequate and under the savings clause of Section 2255 he is entitled to test the legality of his detention in a Section 2241 habeas action. Further, Petitioner filed a Motion for Release on Bond pending resolution of his petition for a writ of habeas corpus, wherein he submits that his case fits the criteria for bail pending review of his habeas petition as set forth in United States v. Smith, 835 F.2d 1048, 1050 (3d Cir. 1987).

"[B]ail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.' " Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992)(quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1994)). Although the court has the power to grant bail pending review of the habeas petition, "the factual predicate for

the exercise of such power [is] a finding of 'extraordinary circumstances.' This 'standard reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding.' " Landano, supra (quoting Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986). As noted in Landano, rarely have cases presented such extraordinary circumstances and those that have seem to be limited to the poor health of the petitioner or the impending completion of the petitioner's sentence, id., neither of which exists presently in this case.

    Petitioner previously filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255, which was denied by both the District Court and Court of Appeals. Petitioner then applied to the Court of Appeals for leave to file a second or successive Section 2255 habeas petition, arguing that two Supreme Court cases, Small v. United States, 544 U.S. 385 (2005) and Blakely v. Washington, 542 U.S. 296 (2004), enunciated new rules of constitutional law, thereby serving as a proper basis for a second or successive petition. The Court of Appeals rejected Petitioner's application finding that neither case set forth a new rule made retroactive to cases on collateral review that was previously unavailable.

    Because Petitioner raises in his current application the same arguments made in his application for a second or successive Section 2255 petition already rejected by the Court of Appeals, it does not appear that he has a high probability of success here nor that "extraordinary circumstances" exist warranting the granting of bail for the Petitioner at this time.

    Accordingly, this 7th day of April, 2006, IT IS HEREBY ORDERED that the Petitioner's Motion for Release on Bond Pending Resolution of Habeas Corpus Petition (doc. 13) is DENIED.

    IT IS FURTHER ORDERED that if Petitioner desires review of this Order by the District Judge to whom this case is assigned, Petitioner must file an application with the Clerk of

Court within ten (10) days of the date of this Order. Failure to do so will waive the right to appeal. <u>Siers v. Morrash</u>, 700 F.2d 113 (3d Cir. 1983).

/s/ *Amy Reynolds Hay*
AMY REYNOLDS HAY
United States Magistrate Judge

cc: Isat Buchanan
59999-004
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

Christy Wiegand
Assistant U.S. Attorney
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219